IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TEMETRA ANTONIO WINSTON,** ) | |
| **BOP #17560-003,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:20-00473-CG-N** |
| ) | |
| **WARDEN, FCI MEMPHIS,** ) | |
| **MEMPHIS, TENNESSEE,**[1] ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Temetra Antonio Winston, a federal prisoner proceeding without counsel (*pro se*), initiated his action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1). Winston subsequently filed his operative § 2241 petition (Doc. 3) after being ordered to refile his petition on this Court's form (*see* Doc. 2),[2] and he has also since paid the $5 filing fee for bringing this habeas action (*see* Doc. 6) after being denied leave to proceed without

---

[1] "Since the proper party respondent to a § 2241 habeas corpus petition is the custodian of the prisoner," *Walther v. Bauknecht*, 155 F. App'x 463, 464 (11th Cir. 2005) (per curiam) (unpublished) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495, 93 S. Ct. 1123, 1130, 35 L. Ed. 2d 443 (1973)), the warden of the facility where Winston is currently incarcerated is substituted for "Southern District of Alabama, Mobile, AL" as the proper party respondent in this action. The Clerk of Court is **DIRECTED** to update the docket accordingly.

[2] *See* S.D. Ala. CivLR 9(a) ("All persons applying or petitioning for release from custody under 28 U.S.C. § 2241 … must file their application[ or] petition … with the Clerk using forms available from the Court."); Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts ("The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.").

prepayment of fees (*see* Doc. 5). The assigned District Judge has referred Winston's § 2241 petition to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (9/25/2020 & 10/27/2020 electronic references). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.[3]

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the assigned judge "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Upon preliminary review of the present petition, the undersigned finds that it plainly appears Winston is not entitled to relief because he has filed his petition with the wrong court.

---

[3] *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not [brought under 28 U.S.C. § 2254]."); S.D. Ala. CivLR 9(b) ("The Court may apply any of the Rules Governing 28 U.S.C. § 2254 Cases in the United States District Courts to applications for release from custody under 28 U.S.C. § 2241.").

## I.  *Analysis*

### A. The Petition

Winston is currently serving a sentence of imprisonment imposed by this Court in S.D. Ala. Case No. 1:19-cr-00062-TFM-N. Winston's present petition claims that he has not been "given credit for time in federal custody from March 15, 2019 through August 02, 2019." (Doc. 3, PageID.13). "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (citing *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989) (per curiam)). However, unlike a motion to alter, amend, or vacate a sentence under 28 U.S.C. § 2255, which must be filed with "the court which imposed the sentence[,]" 28 U.S.C. § 2255(a), a federal defendant must file a § 2241 petition "in the district in which the petitioner is incarcerated." *United States v. Plain*, 748 F.2d 620, 621 n.3 (11th Cir. 1984). *Accord Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."). Any other district court would lack jurisdiction to decide the § 2241 petition. *See Fernandez*, 941 F.2d at 1495 ("Fernandez is confined at FMC–Rochester in Minnesota. Consequently, even if we were to construe Fernandez's claim as a section 2241 motion, the district court for the Southern District of Florida would not have jurisdiction. Thus, the motion was properly denied.").

Winston currently is,[4] and was at the time he filed his § 2241 petition, incarcerated at a federal penitentiary in Memphis, Shelby County, Tennessee, which is located within the Western Division of the Western District of Tennessee. *See* 28 U.S.C. § 123(c)(2). Accordingly, Winston must seek relief under § 2241 in the U.S. District Court for the Western District of Tennessee.

### B. Certificate of Appealability

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255." 28 U.S.C.A. § 2253(c)(1). Noting that "§ 2253(c)(1)(B) explicitly requires a federal prisoner to obtain a COA only when proceeding under § 2255[,]" the Eleventh Circuit Court of Appeals has held that, "[b]y negative implication, a federal prisoner who proceeds under § 2241 does not need a COA to proceed" on appeal. *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

### C. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate

---

[4] *See* Federal Bureau of Prisons's online "Find an inmate" application, https://www.bop.gov/inmateloc/ (last visited Nov. 16, 2020).

of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith.  It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000).  In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, binding precedent clearly shows that Winston has brought his § 2241 petition in the wrong court. Accordingly, the undersigned **RECOMMENDS** the Court certify that any appeal by Winston in

this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[5]

## II.   *Conclusion & Recommendations*

In accordance with the foregoing analysis, it is **RECOMMENDED** that Winston's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED without prejudice** for lack of subject-matter jurisdiction, that the Court find Winston not entitled to appeal *in forma pauperis*, and that final judgment be entered accordingly in favor of the Respondent.

**DONE** this the 16th day of November 2020.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Should the Court deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.